## ROBERTS *v.* BOROUGH OF ATLANTA *et al.*

No. 8051. APRIL 20, 1931.

*Lawrence S. Camp,* for plaintiff.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.

HILL, J.   Under the facts of this case there was nothing to call for the interposition of a court of equity to enjoin the criminal prosecution.   It is true that neither side offered evidence to show that there was an ordinance of the City of Atlanta imposing a license tax on wholesale deliveries of gasoline within the city without the payment of such tax.   Even so, the defendant against whom the case had been made had an adequate remedy at law on the trial of his case, if he showed that there was no such ordinance imposing such tax by the City of Atlanta; and if he can show this on the trial of the case pending in the recorder's court, of course he could not be convicted for failing to pay a license tax.   There is nothing in the record to show that there were repeated threats to make cases against the defendant, and thus bring the case within that class of cases where to do so would destroy the business of the defendant.   The only evidence in the record on this line was from the license inspector who said that "he *could* make a case against the defendant each day."   This case does not fall within the exception to the general rule that a court of equity will not enjoin the prosecution of a criminal or quasi-criminal proceeding.   The court did not err in refusing an injunction.

*Judgment affirmed.   All the Justices concur.*